OWEN, Judge
(dissenting) :
Appellant Salter was charged with larceny by stealing $110 from the Badcock Furniture Store in Winter Park on May 7, 1968. The state’s principal witness, an employee of the store, testified that she saw a colored male standing behind a desk in the rear of the store with his hand in the cash drawer. When she yelled at him, he immediately turned and fled out the backdoor of the store. This witness positively identified defendant as being that person.
Appellant’s defense was alibi. He sought to establish this through his own testimony and that of two witnesses, Phillip Edwards and Eddie Griffin. The substance of their testimony was that the three of them had been together the greater part of The afternoon, being transported in Griffin’s car. They placed their presence at the Colonial Shopping Plaza in Orlando at the time of the crime. Cross-examination of all three established that appellant and his two alibi witnesses all had criminal records. Included in the cross-examination of appellant and Edwards (but not of Griffin) was the question of whether, while in Griffin’s automobile, there had been any conversation among the three concerning their going to Orlando to the home of the mother or the grandmother of one of the three. Appellant and Edwards denied hearing any such conversation.
After the defendant rested, the state produced as a rebuttal witness, Officer Joel of the Winter Park Police Department. He testified that immediately after appellant was arrested, Eddie Griffin was interviewed at the police station. Over defendant’s objection, Officer Joel was permitted to testify that Griffin said that Salter had asked Griffin to drive Salter to his mother’s house in Orlando. Such testimony was not offered to prove that Griffin had in fact made such statement to the officer, but was offered to prove the truth of the matter asserted therein, namely, that Salter had in fact made the asserted statement to Griffin while in the car. Thus, it was clearly hearsay and inadmissible.
The state concedes that the court erred in admitting such testimony, but seeks to avoid the effect by contending that it was harmless error under Section 924.33, F.S. 1967, F.S.A. The state argues that the hearsay testimony does not contradict the testimony of appellant and Griffin as to their version of their whereabouts during the time the offense was committed. This argument misses the point. What the improper testimony does tend to contradict is the denial by appellant and the witness Phillip Edwards that any conversation occurred along these lines. Appellant and his two alibi witnesses all had criminal records and their credibility was therefore already in serious jeopardy. The alibi testi *231 mony was pitted against the positive identification testimony of the state’s witness, and in order for appellant to be convicted it was necessary for the jury to disbelieve appellant and both of his alibi witnesses. Under the circumstances, an error which improperly allowed testimony tending to further attack the credibility of appellant and one of his alibi witnesses should not be considered as harmless error.
I am of the opinion that the ends of justice would best be served in this case by reversing the judgment and sentence and remanding the cause for a new trial.